# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist DAVID J. PENROD**
**United States Army, Appellant**

ARMY 20120836

Headquarters, Fort Hood
James L. Varley, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Robert A. Rodrigues, JA; Captain Jaclyn E. Shea, JA (on brief).

31 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of forcible sodomy in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for thirty-six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.[1]

---

[1] Appellant also personally raises two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), neither of which merits discussion or relief.

## BACKGROUND

Appellant's trial concluded on 4 September 2012. The 105-page record of trial was transcribed and provided to defense counsel for review on 30 April 2013, 237 days after trial. The record was then presented to the military judge who authenticated it on 17 May 2013. The staff judge advocate (SJA) signed his post-trial recommendation (SJAR) almost a month later on 12 June 2013 and served it upon defense counsel on 12 June 2013 and upon appellant on 21 June 2013.

On 24 July 2013, appellant's defense counsel submitted clemency matters in which he, *inter alia*, alleged the government had exceeded timeliness standards in the post-trial processing of his case. In his addendum to the SJAR, the SJA identified the issue as one that may represent an allegation of legal error, but disagreed that legal error had occurred and recommended the convening authority take no corrective action. The convening authority took action on 24 August 2013, approving the adjudged sentence. On 17 October 2013, fifty-four days after action, the record was received at this court.

## LAW AND DISCUSSION

In his assigned error, appellant alleges:

> THE DILATORY POST-TRIAL PROCESSING OF [APPELLANT'S] CASE WARRANTS RELIEF BECAUSE IT TOOK 382 [sic] DAYS FROM COMPLETION OF TRIAL TO ACTION . . . IN A CASE WHERE THE RECORD OF TRIAL WAS ONLY 106 PAGES IN LENGTH.

In *United States v. Moreno*, our superior court established timeliness standards for various stages of the post-trial and appellate process. 63 M.J. 129, 142-43 (C.A.A.F. 2006). Specifically, action of the convening authority should be taken no later than 120 days after completion of the trial, and the record of trial should be docketed with this court within 30 days of the convening authority's action. *Id.*[2] Failure to satisfy any of these standards creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether appellant's due process rights were violated. *See Moreno*, 63 M.J. at 136.

---

[2] A third standard, timeliness of appellate review before this court, is not relevant in appellant's case. *Moreno*, 63 M.J. at 142-43.

Taking 305 days[3] to move appellant's case from trial completion to action is presumptively unreasonable, as is the nearly two months it took to transfer the record of trial to this court following the convening authority's action. *Id.* at 142. In the face of these lengthy delays, we now apply and balance the four factors set out *Barker*. *Id* at 136.

As for the first factor, the length of the delay, 305 days to complete initial action and 54 days to ship the record to this court far exceed the timeliness standard for those respective periods. *Id.* at 142. As for the second factor, reasons for the delay, we reviewed the affidavits prepared by the chief of military justice and the senior court reporter which were included in the record as government appellate exhibits. *Id.* at 136. Overall, because the biggest portion of the 305-day delay was caused by the 237 days it took to transcribe a 105-page record of trial, we specifically examined the explanation for this delay and found it unpersuasive.[4] *See United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) ("[P]ersonnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay."). Furthermore, the lackadaisical fifty-four days from action to delivery at this court is not only facially unreasonable, but not satisfactorily explained or justified.

Although we find the first two factors favor appellant, the last two *Barker* factors do not favor appellant. *See Moreno*, 63 M.J. at 138. Specifically, although appellant did assert his right to a speedy trial as part of his R.C.M. 1105/1106 submission, he waited over 300 days after his trial ended to do so. We therefore find this factor is of little to no help to appellant.

---

[3] In appellant's assignment of error he mistakenly alleges that the delay from trial to action was 382 days, when in fact, according to the tables submitted by both parties, action took place 328 days after trial. However, the total delay from trial to the date this court received the record of trial was indeed 382 days. Moreover, an additional 23 days (2 July 2013 – 24 July 2013) were subtracted from the 328 days to move this case from completion of trial to action due to defense delay in submitting the R.C.M. 1105/1106 matters.

[4] The senior installation court reporter explained that the "court reporter section" at Fort Hood was faced with a shortage of court reporters due to a variety of circumstances, including deployments, leave, medical problems, and additional duties that were assigned to court reporters. The chief of military justice detailed the processing after transcription was complete.

Finally, we find appellant has not established prejudice as a result of this delay. *Id.* at 138-41. Appellant has alleged no prejudice as a result of the delays in post-trial processing. Additionally, we find no prejudice after specifically reviewing each of the three sub-factors[5] found in *Moreno*, nor do we find the post-trial processing was "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Id*.; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Nonetheless, pursuant to Article 66(c), UCMJ, we have the authority to grant appropriate relief in cases where we have not found actual prejudice to appellant, but "unreasonable and unexplained post-trial delays" are present. *United States v. Tardif*, 57 M.J. 219, 220 (C.A.A.F. 2002); *see United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

In finding the 359-day delay from trial to the receipt of the record of trial at this court to be unreasonable, we recognize the government has specifically attempted to offer an explanation for the most egregious portions of the delay: the 238 days it took to transcribe a 106-page record of trial and the 54 days between action and receipt at this court. However, we ultimately find the explanations unpersuasive and will grant relief in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court AFFIRMS only so much of the sentence as provides for a dishonorable discharge, confinement for thirty-five months, forfeiture of pay and allowances, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] (1) Oppressive incarceration pending appeal; (2) Particularized anxiety and concern; and (3) Impairment of ability to present a defense at rehearing.

4